IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANNISNICOLE WILLIAMS             *

       Plaintiff        *

       vs.              *   CIVIL ACTION NO. MJG-13-2947

HOME PROPERTIES, L.P. et al.     *

       Defendants       *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER RE: REMAND AND DISMISSAL

The Court has before it Plaintiff's Motion to Remand [Document 6], Defendants' Motion to Dismiss Defendant LaChance for Fraudulent Joinder [Document 11], and Defendant Home Properties, L.P.'s Motion to Dismiss Count IV and Any Claim for Punitive Damages [Document 12]. The Court finds that a hearing is unnecessary.

I.    BACKGROUND

Plaintiff Annisnicole Williams ("Williams") has sued Defendants Home Properties, L.P. ("Home Properties"), a New York Corporation, and Melissa LaChance ("LaChance"), a Maryland citizen. Williams asserts claims in four Counts:

    Count I – Negligence

    Count II – Violations of the Maryland Consumer Protection Act

    Count III – Fraudulent Concealment

1

Count IV – Battery

The suit was filed in the Circuit Court for Frederick County, Maryland. Home Properties removed the case to this Court, asserting that diversity jurisdiction exists because of the fraudulent joinder of Defendant LaChance. By her instant motion, Williams seeks remand. Defendants seek dismissal of all claims against Defendant LaChance, dismissal of the battery claim in Count IV against Defendant Home Properties, and dismissal of all claims for punitive damages.

## II. JURISDICTION

The removal statute, 28 U.S.C. § 1441(a), provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The diversity statute provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1).

When a district court's jurisdiction is based on diversity of citizenship, there must be complete diversity between the

parties.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68 (1996).  That is, none "of the parties in interest properly joined and served as defendants [may be] a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

Williams seeks remand on the ground that the presence of LaChance, a Maryland citizen, as a Defendant destroys diversity.  Home Properties asserts that this Court should retain jurisdiction because Williams has fraudulently joined LaChance and that such "fraudulent joinder" cannot defeat the right of removal.

To establish fraudulent joinder of a nondiverse defendant, "the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or [t]hat there has been outright fraud in plaintiff's pleading of jurisdictional facts."  See Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (alteration in original) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

A defendant claiming fraudulent joinder carries a heavy burden.  "'[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor.'"  Id. (quoting Marshall, 6 F.3d at 232-33).  Moreover, "a claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."  Marshall, 6 F.3d at 233 (citing 14A Charles Alan Wright & Arthur F. Miller, Federal Practice & Procedure § 3723 (1985)).  In evaluating a claim of fraudulent joinder, the court may consider the entire

record and use any means available to determine the basis of such joinder. Mayes, 198 F.3d at 464.

Home Properties does not allege "fraud" in the sense of dishonesty in Williams's pleadings. Instead, Home Properties contends that Williams has no bona fide claim against LaChance and added her as a party solely to defeat federal diversity jurisdiction.

III. DISCUSSION

  A.  "Facts" Alleged by Plaintiff[1]

On December 9, 2012, Williams signed a lease with Home Properties for an apartment at Hunter's Glen in Frederick County, Maryland ("the Apartment"). She had been induced to sign the lease in reliance upon a "Pledge" from Home Properties that the "apartment will be prepared to your satisfaction when you move in." Compl. at ¶ 4.

However, when Williams moved into the Apartment on December 15, 2012, it was infested with bed bugs. On December 23, 2012, Williams realized that she was being bitten by bed bugs and reported the bed bug infestation to LaChance.

  B.  Negligence

On her alleged facts, Williams would have a claim against Home Properties for failure to comply with its obligation to provide an uninfested apartment. Whether this claim would be a tort claim, in addition to a breach of contractual/statutory

---
[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendant.

4

duty, need not now be determined. However, on the alleged facts, there is no realistic possibility of a successful negligence claim against LaChance.

Williams alleges no specific negligence on the part of LaChance that would be a cause of the infestation. The mere fact that LaChance was the property manager would not render her personally responsible for every failure of other employees or of independent contractors of Home Properties to sanitize the Apartment. There is no allegation of any connection between LaChance and the failure to disinfest the Apartment.

Williams claims that she needs the deposition of LaChance in order to oppose the instant motion. She will, of course, have ample opportunity for discovery, including a deposition of LaChance. However, the instant motion is based upon what was alleged in the Complaint and not upon what might be alleged in some amended complaint that may be filed in the future. Should Plaintiff, through discovery, be able to present a plausible claim against LaChance, she can file a motion seeking leave to add LaChance as a party Defendant. Any such motion would be resolved in due course under the circumstances presented at the time of filing.

C. <u>Consumer Protection Act and Fraudulent Concealment</u>

Williams has not alleged facts that would support a plausible claim against LaChance under the Maryland Consumer Protection Act or for fraudulent concealment. There is no allegation that LaChance had any role in providing the "Pledge"

5

to Williams or otherwise made any representation to Williams or had any participation in regard to the lease that would have affected Williams's decision to sign the lease for the Apartment.

    D.   <u>Battery</u>

Williams has not alleged facts that present any possibility of a successful claim against either Home Properties or LaChance for battery.

Under Maryland law, the tort of battery is an unpermitted <u>intentional</u> touching that is harmful or offensive. <u>See</u> <u>Janelsins v. Button</u>, 648 A.2d 1039, 1042, 102 Md. App. 30, 35 (Md. Ct. Spec. App. 1994).

There is no allegation – and no realistic possibility on the alleged facts – that either Home Properties or LaChance intended to cause the bed bugs to bite Williams.

    E.   <u>Punitive Damages</u>

The Court does not find – assuming that all of Williams's allegations are true – that Williams definitely would have no plausible claim for punitive damages should she prevail on any of her claims against Home Properties.

IV. CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion to Remand [Document 6] is DENIED.

2. Defendants' Motion to Dismiss Defendant LaChance for Fraudulent Joinder [Document 11] is GRANTED.

3. All claims against the fraudulently joined defendant LaChance are dismissed.

4. Defendant's Motion to Dismiss Count IV and Any Claim for Punitive Damages [Document 12] is GRANTED IN PART.

    a. Count IV (battery) against Defendant Home Properties is DISMISSED.

    b. Plaintiff's claims for punitive damages on Counts other than Count IV remain pending.

5. Plaintiff shall arrange a telephone conference to be held by January 31, 2014 to discuss the Scheduling Order to be issued thereafter.

SO ORDERED, this Monday, December 30, 2013.

/s/
Marvin J. Garbis
United States District Judge