```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

ANNISNICOLE WILLIAMS            *

          Plaintiff             *

     vs.                        *    CIVIL ACTION NO. MJG-13-2947

HOME PROPERTIES, L.P. et al.    *

          Defendants            *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION

The Court has before it Plaintiffs' Motion for Reconsideration [Document 60] and the materials submitted by the Plaintiff relating thereto. The Court finds that neither a response nor a hearing is necessary.

The United States Court of Appeals for the Fourth Circuit "ha[s] recognized that there are three grounds for amending an earlier judgment" under Rule 59(e):

> (1) to accommodate an intervening change in controlling law;
>
> (2) to account for new evidence not available at trial; or
>
> (3) to correct a clear error of law or prevent manifest injustice.

Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991).

A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before [the determination on which reconsideration is sought was] issued." Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). Stated differently, "'[a] motion to reconsider is not a license to reargue the merits or present new evidence.'" Gray-Hopkins v. Prince George's Cnty., Md., 201 F. Supp. 2d 523, 524 (D. Md. 2002) (citation omitted).

Plaintiff does not contend that there has been any change in the law or that new evidence has become available. Plaintiff, presumably, is contending that revision of the decision is necessary to correct clear error or to prevent manifest injustice. The Court finds neither an error nor injustice in its decision.

Plaintiff has the burden of proving the elements of the tort of fraudulent concealment[1] by clear and convincing evidence.

---

[1] In Maryland, a plaintiff who seeks to recover on a fraudulent concealment claim must prove, by clear and convincing evidence, that:

> (1)  the defendant owed a duty to the plaintiff to disclose a material fact;
>
> (2)  the defendant failed to disclose that fact;
>
> (3)  the defendant intended to defraud or deceive the plaintiff;

"To be clear and convincing, evidence should be 'clear' in the sense that it is certain, plain to the understanding, and <u>unambiguous</u> and convincing in a sense that it is so reasonable and persuasive as to cause you to believe it."  <u>Attorney Grievance Comm'n of Md. v. Levin</u>, 91 A.3d 1101, 1105 (Md. 2014) (emphasis added) (citation omitted).  Plaintiff has not presented evidence adequate to meet that standard, at least with regard to establishing knowledge of the existence of a bedbug infestation in the Unit on December 4, 2012 or an intent to defraud.

Plaintiff's theory is, essentially, that the Hunters Glen employee who rented the Unit to her on December 4, 2012, must have known that there had been a bedbug infestation on October 22, 2012 and would have been grossly negligent in not checking to be sure that the infestation had been eliminated by December 4, 2012.  Plaintiff has not proven by clear and convincing evidence that the person renting the Unit both knew of the past bedbug infestation, and also checked the Unit and became aware that the infestation remained.

---

(4) the plaintiff took action in justifiable reliance on the concealment; and

(5) the plaintiff suffered damages as a result of the defendant's concealment.

<u>Lloyd v. Gen. Motors Corp.</u>, 916 A.2d 257, 274 (Md. 2007) (citation omitted).

3

Plaintiff's reliance on the principle that a landlord is presumed to know of defects is misplaced in the context of her fraudulent concealment claim.  Mere constructive knowledge is adequate to subject a landlord to liability under the Maryland Consumer Protection Act.  As stated in <u>Forrest v. P & L Real Estate Inv. Co</u>., 759 A.2d 1187 (Md. Ct. Spec. App. 2000):

> To prove a violation of the CPA premised on the breach of the implied warranty of habitability, it must be shown that, at the inception of the lease, the landlord made material misstatements or omissions, which either had the tendency to or, in fact, did, mislead the tenant. Thus, <u>the landlord must have knowledge, constructive or actual</u>, of the condition of the premises at the time of the lease.
>
> . . . .
>
> A landlord is charged with knowledge of the condition of the premises that a reasonable inspection would disclose.

<u>Id.</u> at 1198, 1200 (emphasis added) (citation omitted).

However, Plaintiff provides no legal support for her position that constructive knowledge of a condition is sufficient to satisfy the burden of proof for a claim of <u>fraudulent concealment</u> – more specifically, to prove an intent to deceive by clear and convincing evidence.  Plaintiff did not present a claim for fraudulent inducement.  This is a tort which would impose liability on a defendant who did not have actual

4

knowledge of the pertinent falsity, but had constructive or imputed knowledge.[2]

In regard to motive, Plaintiff seeks to rely upon an inference "that Home Properties desired to generate rental income, and would then deal with complaints after the new resident moved-in." [Document 60-1] at 2. Putting aside the illogic of any such inference, it is directly contrary to the actual action of LaChance/Ellison on October 22, 2012, who in fact knew that the Unit was infested with bedbugs and declined to rent it to a prospective tenant.

Plaintiff's evidence, if accepted by a jury, could establish fault on the part of Home Properties and/or JCE in failing to rid the Unit of the bedbug infestation by December 15, 2012, when Plaintiff moved in to the Unit. Certainly, Plaintiff presents evidence that, if accepted by the jury, would establish a claim for negligence and/or violation of the Maryland Consumer Protection Act. However, Plaintiff does not

---

[2] See, e.g., Lawley v. Northam, No. CIV.A. ELH-10-1074, 2011 WL 6013279, at *8 n.25 (D. Md. Dec. 1, 2011) ("To prevail on a fraudulent inducement claim, a plaintiff must show: (1) a material representation of a party was false, (2) falsity was known to that party or the misrepresentation was made with such reckless indifference to the truth as to impute knowledge to him, (3) the misrepresentation was made with the purpose to defraud (scienter), (4) the person justifiably relied on the misrepresentation, and (5) the person suffered damage directly resulting from the misrepresentation." (citation omitted)).

5

present evidence adequate to establish fraudulent concealment by clear and convincing evidence.

    For the foregoing reasons:

    1. Plaintiffs' Motion for Reconsideration [Document 60] is DENIED.

    2. The case shall proceed pursuant to existing scheduling.

    SO ORDERED, on <u>Tuesday, June 30, 2015</u>.

/s/<br>
Marvin J. Garbis<br>
United States District Judge